United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60948
Summary Calendar
_____

ARMANDO OZUNA-SOLORZANO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 984 862
--------------------

Before DUHÉ, STEWART, and DENNIS, Circuit Judge.

PER CURIAM:[1]

Armando Ozuna-Solorzano, a native and citizen of Guatemala, petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation. Ozuna contends that he has established past persecution on account of his political opinion, and the Respondent has failed to rebut the ensuing presumptions by a preponderance of the evidence that the conditions in Guatemala have fundamentally

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

changed so that he no longer has a well-founded fear of future persecution and so that his life or freedom would not be threatened upon his return.

When, as in this case, the BIA adopts the IJ's decision without a written opinion, this court reviews the IJ's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). This court will uphold the IJ's determination that an alien is not eligible for asylum or withholding of deportation if it is supported by substantial evidence. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

After careful review of the record and the briefs, this court concludes that the IJ's determination that there has been a fundamental change in Guatemala such that Ozuna no longer has a well-founded fear of persecution is substantially reasonable. See Carbajal-Gonzalez v. I.N.S., 78 F.3d 194, 197 (5th Cir. 1996). An alien who does not make the required showing for asylum is not eligible for withholding of deportation. See Mikhael, 115 F.3d at 306 & n. 10.

Ozuna has failed to exhaust his administrative remedies as to his claim for a discretionary grant of asylum. Thus, this court lacks jurisdiction to review the claim. See 8 U.S.C. § 1252(d)(1); Witter v. I.N.S., 113 F.3d 549, 554 (5th Cir. 1997). Ozuna's petition for review is

DENIED.